Jacob Shisha
Tabak Mellusi & Shisha LLP
29 Broadway, Suite 2400
New York, NY  10006
Tel. (212) 962-1590

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH MULCAHY, JR. ,<br><br>　　　　　Plaintiff,<br>　vs.<br><br>GULFVIEW SHIPPING CO., SA, C. M LEMOS & COMPANY LIMITED, NEREUS SHIPPING CO., SA,  REINAUER TRANSPORTATION CO, LLC. *in personam* and MT RUNNER, TUG KRISTY ANN and BARGE RTC80, *in rem,*<br><br>　　　　　Defendants. | Case No.:23-cv-<br><br>**COMPLAINT**<br><br>**Plaintiff Demands Trial by Jury** |

Plaintiff, **JOSEPH MULCAHY, JR.**, for his complaint against defendants alleges upon information and belief:

### Jurisdiction and Venue

1. Jurisdiction is predicated under 28 U.S.C. §1331 pursuant to the Jones Act, 46 U.S.C. §10301, 28 U.S.C. §1333 admiralty and general maritime law and 28 U.S.C. §1332 diversity of citizenship.

2. Personal jurisdiction exists and has been consented to over the MT RUNNER *in rem* and her owners over GULFVIEW SHIPPING CO., SA ("Gulfview") *in personam* by virtue of a Letter of Undertaking ("LOU") dated March 9, 2022, issued by London Steam-Ship

1

Owner' Mutual Insurance Association Limited ("London Mutual') agreeing to appear on behalf of the vessel and her owner(s) without any jurisdictional defense in the U.S. District Court for the Southern District of New York, in lieu of Plaintiff arresting the vessel. The LOU stands as substitute security for Plaintiff's *in rem* claims against the MT RUNNER.

3. TUG KRISTY ANN and her BARGE RTC 80 are either currently within the jurisdictional waters of this Court or will be within the Court's jurisdiction during the pendency of this suit.

4. Specific personal jurisdiction exists against C. M. Lamos & Company SA ('Lemos') because their tortious acts in New York caused Plaintiff's injuries.

5. Specific personal jurisdiction exists against Nereus Shipping Co., SA ("Nereus") because their tortious acts in New York caused Plaintiff's injuries.

6. Personal jurisdiction exists over Reinauer Transportation, LLC ("Reinauer") in that they are registered to do business in New York, maintain their principal place of business in New York and upon information and belief are citizens of New York.

7. On September 19, 2021 Plaintiff, a merchant seaman, was injured upon navigable waters when the MT RUNNER past by the KRISTY ANN and RTC 80 at an excessive rate of speed which created a large wake and surge, causing the RTC 80's stern spring line to part and strike Plaintiff's leg.

8. Upon information and belief there is complete diversity between all the parties with an amount in controversy, which will be proven at trial, that vastly exceed SEVENTY FIVE THOUSAND ($75,000.00) DOLLARS.

## The Parties

9. Plaintiff, was a merchant seaman employed by Reinauer as a second mate on the tug KRISTY ANN and her barge RTC 80 and is a citizen of Rhode Island.

10. Gulfview is a Greek business entity with its principal place of business in Piraeus, Greece.

11. Lemos is a foreign business entity whose citizenship and principal place of business are either in London, England or Piraeus Greece.

12. Nereus is a Greek business entity with its principal place of business in Piraeus, Greece.

13. Reinauer is a Delaware LLC with its principal place of business in Staten Island and upon information and belief none of its' members are citizens of Rhode Island or foreign nationals.

## FIRST COUNT NEGLIGENCE AGAINST MT RUNNER, GULFVIEW, LEMOS AND NEREUS

14. Plaintiff repeats and realleges the allegations contained in paragraphs 1 to 13.

15. At all material times MT RUNNER was owned by Gulfview.

16. At all material times MT RUNNER was managed, operated or controlled by Gulfview.

17. At all material times MT RUNNER was managed, operated or controlled by Lemos.

18. At all material times MT RUNNER was managed, operated or controlled by Nereus.

19. At about 08:20 hours on September 19, 2021, MT RUNNER a large crude oil tanker 899' in length, 157' in breath, with a draft of about 30' was proceeding south bound in the Arthur Kills.

20. Arthur Kills is a narrow body of water with New York on one side and New Jersey on the other and is shown below.



21. All or a portion of the MT RUNNER was in New York waters as she proceeded southbound at a speed of 6 kts or greater, which because of MT RUNNER's massive size. was excessive for such a narrow body of water, causing a large and dangerous wake and surge.

22. As the MT RUNNER was proceeding southbound in the Arthur Kill tug KRISTY ANN and her barge RTC 80 were moored at the KMI Terminal located on the New Jersey side of the Arthur Kill in Carteret New Jersey.  The RTC 80 was fully loaded, with her and the KRISTY ANN's lines, properly secured and tended.  KRISTY ANN and TRC 80 were standing by waiting to sail at slack water.

23. Plaintiff and RTC 80's tankerman were in the RTC 80's cargo control room, when all of a sudden they felt the vessel surge.  They immediately went out on deck to investigate and

saw the MT RUNNER about 400' past them throwing a large wake. Then the RTC 80's Number 4 aft spring line parted and struck Plaintiff's right leg. Fracturing the tibial plateau, and damaging the ligaments, tendons and meniscus of the right knee.

24. The line parted due to the negligence of defendants MT RUNNER, her owners Gulfview and her operators and managers Gulfview, Lemos and Nereus in:

    a. Proceeding at too rapid a speed in a narrow waterway causing an excessively large wake and surge.

    b. Failure to have proper procedures and SMS guidelines as to how to operate the vessel as to not produced an excessive wake / surge.

    c. Failure to monitor vessel operations as to make sure vessels they owned or managed were not operating at excessive speeds in narrow channels.

25. As a result, Plaintiff sustained medical expenses, pain suffering, loss of earnings, will incur future medical expenses, pain and suffering and future loss of earnings and earning potential, and his seagoing career will be cut short due to his injuries, all in an amount greatly in excess of the $75.,000 required for jurisdiction under 28 U.S.C. §1332, which will be proven at trial.

### SECOND CAUSE OF ACTION JONES ACT NEGLIGENCE AND UNSEAWORTHINESS AGAINST REINAUER, KRISTY ANN and RTC 80

26. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 to 25.

27. At all relevant times, Reinauer was the legal, titled, beneficial or *pro hac vice* owner of the tug KRISTY ANN and barge RTC 80.

28. At all relevant times, Reinauer operated the tug KRISTY ANN and barge RTC 80.

5

29. At all relevant times, Reinauer managed and controlled the tug KRISTY ANN and barge RTC 80.

30. At all relevant times, Reinauer hired the crew of the tug KRISTY ANN and barge RTC 80.

31. At all relevant times, Plaintiff was in the employ of Reinauer in the capacity of a seaman and member of the crew of the tug KRISTY ANN and barge RTC 80

32. On September 19, 2021, while moored at the KMI terminal in Carteret NJ the Number 4 aft spring line on the barge RTC 80 parted when the tug KRISTY ANN and barge RTC 80 surged due to a wake/surge caused by the passing MT RUNNER.

33. The line parted due in part to the negligence of Reinauer in using a line that was not suitable for its intended purpose, the line was not sufficiently strong, the line was worn and not timely replaced, the line had been compressed and damaged during prior usage and improper stowed, the RTC 80 was not equipped with proper self-tensioning winches to handle the anticipated surges the KRISTY ANN and RTC 80 would be subject too, the mooring arrangement of the KRISTY ANN and RTC 80 was not sufficient to withstand the anticipated wakes and surges they would be subject to.

34. The acts, omissions, and conditions set forth in paragraph 33 rendered the KRISTY ANN and RTC 80 unseaworthy.

35. As a result of Reinauer's and the other defendants' negligence and the unseaworthiness of the KRISTY ANN and RTC 80, the aft spring line of the RTC 80 parted and struck Plaintiff in the right leg.

36. As a result, Plaintiff sustained medical expenses, pain suffering, loss of earnings, will incur future medical expenses, pain and suffering and future loss of earnings and earning potential, his seagoing career will be cut short due to his injuries, all in an amount greatly in

excess of the $75.,000 required for jurisdiction under 28 U.S.C. §1332, which will be proven at trial.

### THIRD CAUSE OF ACTION MAINTENANCE AND CURE AGAINST REINAUER KRISTY ANN and RTC 80

37. Plaintiff repeats and realleges the allegation set forth in paragraphs 1-36.

38. Plaintiff sustained injures while in the service of the KRISTY ANN and RTC 80. Therefore, defendants Reinauer, KRISTY ANN and RTC 80 ("Reinauer defendants") are responsible to pay him maintenance and cure until he reaches maximum medical improvement.

39. Reinauer defendants have paid maintenance and cure to date, but Plaintiff has not reach maximum medical improvement, and will require future surgery and medical care to reach maximum medical improvement.

### FOURTH CAUSE OF ACTION IN REM AGAINST MT RUNNER, KRISTY ANN and RTC 80

40. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 to 39.

41. Plaintiff has a valid maritime lien against the MT RUNNER for her negligence, which caused his injuries and damages.

42. Plaintiff has a valid maritime lien against the KRISTY ANN and RTC 80 for their unseaworthiness which caused his injuries and damages.

**WHEREFORE Plaintiff prays for the following relief:**

a. That London Steam-Ship Owner' Mutual Insurance Association Limited file or cause to be filed an appearance on behalf of the MT RUNNER *in rem,* and her owners *in personam* without any jurisdictional defense and consent to jurisdiction, as per their obligation under the LOU..

b. That judgment be entered against defendants *in personam* in an amount to be proven at

7

trial.

c. That judgment be entered against defendant the MT RUNNER *in rem* in an amount to be proven at trial.

d. That judgement be entered against defendants KRISTY ANN and RTC 80 *in rem* in an amount to be proven at trial.

e. That judgment be entered jointly and severally against all defendants in an amount to be proven at trial.

f. That London Steam-Ship Owner' Mutual Insurance Association Limited be ordered to pay up to FOUR MILLION DOLLARS ($4,000,000.00), the full amount of Letter of Undertaking, to satisfy a judgment entered *in rem* against the MT RUNNER and/or her owners *in personam*.

g. That judgment be entered against the KRISTY ANN and RTC 80 *in rem*, that process in due form of law, according to the Fed. R. Civ. P. and Supplemental Rules for Certain Admiralty and Maritime Claims, issue against said vessels their engines, tackle, apparel, etc., *in rem*; citing all persons having or claiming any interest therein to appear and answer all and singular, the matters aforesaid;

h. That Plaintiff's lien be declared a valid maritime lien, that after due proceedings be had, there be judgment in favor of Plaintiff, and against the KRISTY ANN and RTC 80 FV.; *in rem*, in an amount proved, together with pre and post judgement interest, costs, and other damages as may be proven at trial;

i. That the KRISTY ANN and RTC 80 be condemned and sold free and clear of all liens and encumbrances to satisfy the judgment herein, that Plaintiff's maritime lien be recognized, enforced and paid by preference and priority over all other claimants and/or interveners

herein.

j.    That Plaintiff be awarded costs, pre-judgment and post judgment interest, together with such and other further relief as this Court deems just and proper.

Dated: New York, New York
         July ___, 2023

**TABAK, MELLUSI & SHISHA LLP**

_____
Jacob Shisha (JS 5452)
29 Broadway, Suite 2400
New York, NY 10006
(212) 962-1590


## VERIFICATION OF COMPLAINT

Joesph MulCahy, Jr. states under penalty of perjury that:

1. I am the plaintiff in the above complaint.

2. I believe that all the allegations made in the complaint that I have personal knowledge of are true.

3. I believe that the allegations in the complaint that I do not have personal knowledge of are true based on information and documentation provided by my attorneys.

Dated: Warwick, RI
July 25, 2023

_____
Joseph MulCahy, Jr.